IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) <br> ) Chapter 15 <br> ) |
| Hellas Telecommunications (Luxembourg) V, | ) Case No. 10-13651 (KJC) <br> ) <br> ) |
| Debtor in a Foreign Proceeding. | ) Re: Docket Nos. 1 and 2 <br> ) |

### ORDER GRANTING PETITION FOR RECOGNITION OF
### FOREIGN MAIN PROCEEDING AND REQUEST FOR RELATED RELIEF

Upon consideration of the *Verified Petition for Recognition of Foreign Main Proceeding and Request for Related Relief* dated November 12, 2010 [Docket No. 2] (together with the *Form of Voluntary Petition* [Docket No. 1], the "Petition"), the Corner-Jones Declaration,[1] and the Pilkington Declaration, each filed on November 12, 2010 by or on behalf of the Petitioner, Alastair Beveridge, in his capacity as the duly-appointed foreign representative of Hellas Telecommunications (Luxembourg) V ("HTV," or the "Debtor"), the debtor in a voluntary restructuring proceeding (the "UK Proceeding") concerning the Debtor currently pending before the Chancery Division (Companies Court) of the High Court of Justice of England and Wales (the "UK Court"), and the Statement in Support of Verified Petition for Recognition of Foreign Main Proceeding and Motion for Related Relief Giving Full Force and Effect to UK Scheme of Arrangement [Docket No. 30], filed by Senior Secured Working Group on December 8, 2010 (together with the Petition, the Corner-Jones Declaration and the Pilkington Declaration, the "Chapter 15 Pleadings"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the standing order of reference to bankruptcy judges dated September 9, 2001 signed by Chief Judge Sue L. Robinson; and it appearing that venue is

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Petition.

proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the Chapter 15 Pleadings and having scheduled a hearing to consider the relief requested in the Petition for December 13, 2010 at 2:00 p.m. (EST) (the "<u>Recognition Hearing</u>"); and it appearing that timely notice of the filing of the Petition and the Recognition Hearing has been given to the Debtor, the Office of the United States Trustee for the District of Delaware, and the Information Agent for distribution to the Scheme Creditors, and has been published on November 18, 2010 in the National Edition of The Wall Street Journal, and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND**, that:

1. This case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference to bankruptcy judges dated September 9, 2001 signed by Chief Judge Sue L. Robinson.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

5. The UK Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

6. The UK Proceeding is pending in England (a constituent member of the political union comprising the UK), which is the country in which the Debtor has the center of its main interests and, as such, the UK Proceeding is a "foreign main proceeding" within the meaning of

sections 1502(4) and 1517(b)(1) of the Bankruptcy Code and entitled to recognition as the foreign main proceeding in respect of the Debtor.

7. The Petitioner, Alastair Beveridge, has been duly appointed by the Debtor and has been declared by the UK Court as authorized to act as the "foreign representative" with respect to the UK Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

8. The Petition meets all of the requirements set forth in section 1515 of the Bankruptcy Code.

9. The UK Proceeding is entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code.

10. The Debtor and the Petitioner are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

11. Appropriate notice of the filing of the Petition, as well as the Recognition Hearing, was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

12. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1520, 1521(a) and 1525 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtors or other parties in interests that is not outweighed by the benefits of granting that relief.

13. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtor and the interests of its creditors and other parties in interest.

14. Absent the relief granted hereby, the Debtor and the Protected Parties may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory

actions or proceedings in connection with the Scheme Claims against the Debtor and the Protected Parties or their property, thereby interfering with and causing harm to, the Debtor, its creditors, and other parties in interest in the UK Proceeding and, as a result, the Debtor, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

15. Absent the requested relief, the efforts of the Debtor, the UK Court and the Petitioner in conducting the UK Proceeding and effecting the Restructuring under the Scheme, the Restructuring Documents and English law may be thwarted by the actions of certain creditors, a result inimical to the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED**, that:

(A) the Petition and the Relief Requested are granted, and any objections thereto are overruled with prejudice;

(B) the UK Proceeding is granted recognition as a foreign main proceeding (as defined in section 1502 of the Bankruptcy Code) pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code;

(C) the Petitioner is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the UK Proceeding;

(D) the Debtor and the Petitioner are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded

by the automatic stay under section 362(a) of the Bankruptcy Code to the Debtor and to the Debtor's property that is within the territorial jurisdiction of the United States;

(E)   the Petitioner is hereby (i) authorized to examine witnesses, take evidence, and deliver information concerning the Debtor and its business, and (ii) entrusted with the administration of all the Debtor's assets within the territorial jurisdiction of the United States;

(F)   as of the Effective Date, the Court Order and the Scheme and Restructuring Documents are recognized, granted comity, and entitled to full force and effect in the United States against all entities (as that term is defined in section 101(15) of the Bankruptcy Code) in accordance with their terms, and such terms shall be binding and fully enforceable on the Scheme Creditors and the Related Parties whether or not they actually agreed to be bound by the Scheme or the Restructuring Documents or participated in the UK Proceeding;

(G)   as of the Effective Date, any judgment, wherever and whenever obtained, to the extent such judgment is a determination of the personal liability of the Debtor or any Protected Party with respect to any debt cancelled, discharged or restructured under the Scheme or other Restructuring Documents and/or as a result of English law relating to the Restructuring, is unenforceable in the United States, provided, however, that if such debt is restructured under the Scheme, the Restructuring Documents or such law, the enforceability of such judgment is impaired by this order only to the extent it is inconsistent with the Scheme, the Restructuring Documents and such law;

(H)   as of the Effective Date, all Scheme Creditors and Related Parties are permanently enjoined from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial or administrative action,

proceeding or process whatever in any judicial, arbitral, administrative or other forum), employing any process, or performing any act to collect, recover or offset (except as expressly provided in the Scheme and Restructuring Documents) any debt cancelled, discharged or restructured under the Scheme or Restructuring Documents and/or as a result of English law relating to the Restructuring, or seeking discovery related thereto, provided, however, that if such debt is restructured under the Scheme, the Restructuring Documents and/or such law, such injunction applies only to the extent that commencing or continuing such action, employing such process or performing such act is inconsistent with the Scheme, the Restructuring Documents and/or such law;

(I)   as of the Effective Date, all Scheme Creditors and Related Parties are permanently enjoined from commencing or continuing any action (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, or administrative action or proceeding), employing any process, or performing any act, to collect, recover or offset (except as expressly provided in the Scheme and the Restructuring Documents) any debt cancelled, discharged or restructured under the Scheme, the Restructuring Documents and/or as a result of English law relating to the Restructuring, against property of the Debtor or of the Protected Parties including (i) enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judicial or quasi-judicial or administrative judgment, award, decree, assessment, garnishment, order or arbitration award against the Debtor or the Protected Parties or their respective property, or any direct or indirect transferee of or successor to any property of the Debtor or of the Protected Parties, or any property of such transferee or successor, or (ii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind against such property,

provided, however, that if such debt is restructured under the Scheme, the Restructuring Documents and/or such law, such injunction applies only to the extent that commencing or continuing such action, employing such process or performing such act is inconsistent with the Scheme, the Restructuring Documents and/or such law;

(J) as of the Effective Date, Scheme Creditors and Related Parties are permanently enjoined from (i) transferring, relinquishing or disposing of any property of the Debtor or of the Protected Parties, or (ii) taking or continuing any act to obtain possession of, comingle, or exercise control over, such property, to the extent any such act under (i) or (ii) is inconsistent with the Scheme, the Restructuring Documents and English law relating to the Restructuring;

(K) as of the Effective Date, all entities (as that term is defined in section 101(15) of the Bankruptcy Code) subject to the U.S. Bankruptcy Court's jurisdiction are permanently enjoined from taking any action inconsistent with the Scheme, including, without limitation, against HTV, the Protected Parties (as that term is defined in the Deed of Covenant) or against any property of HTV or the Protected Parties;

(L) as of the Effective Date, Scheme Creditors and Related Parties are permanently enjoined from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation, or any judicial, quasi-judicial, or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), or employing any process, against the Foreign Representative (or the Petitioner personally), the Debtor, the Protected Parties, or any of their successors, assigns, agents, representatives, advisors or attorneys (collectively, the "Debtor Parties") or any of them in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken as of the

Effective Date by any of the Debtor Parties in connection with this chapter 15 case or in preparing, disseminating, applying for or implementing the Scheme, the Restructuring Documents or the Court Order;

(M) no action taken by the Petitioner in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Scheme, the Restructuring Documents, this order, the chapter 15 case, any further order for additional relief in this chapter 15 case, or any adversary proceedings or contested matters in connection therewith, will be deemed to constitute a waiver of the immunity afforded the Petitioner as Foreign Representative pursuant to section 1510 of the Bankruptcy Code; and

(N) the Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this order, any request for additional relief and any request by an entity for relief from the provisions of this order, for cause shown, that is properly commenced and within the jurisdiction of the Court.

Dated: December 13, 2010
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

RLF1 3687258v. 2